UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

RACHELE AVERSA,

                                    Plaintiff,

                                                        DECISION AND ORDER
                        v.                                  05-CV-200A

JO ANNE B. BARNHART,
Commissioner of Social Security,

                                    Defendant.

═══════════════════════════════════


                        **INTRODUCTION**

            Plaintiff Rachele Averrsa commenced the instant action pursuant to 42

U.S.C. § 405(g), on March 24, 2005, seeking review of a final determination of the

defendant, Jo Anne Barnhart, the Commissioner of Social Security (the

"Commissioner"), disallowing plaintiff's application for disability insurance benefits under

the Social Security Act.  Plaintiff, a former billing department manager for Verizon

telephone company, claims to be disabled due to breast cancer, twice on the right side,

and the effects of radiation and chemotherapy.  On November 10, 2005, the

Commissioner  moved for judgment on the pleadings.  On January 17, the plaintiff

cross-moved for judgment on the pleadings.  On February 28, 2007, the Commissioner

filed a response memorandum.

            For the reasons stated herein, the Court finds that the this matter must be

remanded so that the ALJ may make specific findings as to plaintiff's credibility with

regard to her alleged pain and limitations, specifically in light of plaintiff's substantial

work history.

## PROCEDURAL HISTORY

On December 18, 2001, plaintiff filed an application for disability

insurance benefits alleging disability since February 1999, due to breast cancer and the

effects of radiation and chemotherapy treatments (Tr. 48-50, 64).[1]  The application was

denied initially (Tr. 22-25).[2]  At plaintiff's request, an administrative hearing was held

before Administrative Law Judge ("ALJ") Robert T. Harvey, at which time plaintiff

appeared *pro se* and presented testimony (Tr. 204-37).  ALJ Harvey considered the

case *de novo* and denied plaintiff's claim on October 18, 2004 (Tr. 12-20).  The ALJ's

decision became the final decision of the Commissioner when the Appeals Council

declined to assume jurisdiction on February 17, 2005 (Tr. 4-6). Plaintiff now seeks

judicial review.

---

[1]     "Tr." refers to the administrative transcript filed by the Commissioner as part of her answer.

[2]     This matter is a test case in the Social Security Administration model program of modifications to the disability review process. Here, the second step of the disability claims process, i.e., reconsideration stage, is eliminated. 62 Fed. Reg. 49598-46903 (1997); see 20 C.F.R. § 404.906(b)(4). If dissatisfied with the outcome of the initial determination, a claimant may directly file a request for hearing before an administrative law judge, as described in the initial determination letter.

**<u>DISCUSSION</u>**

This Court may set aside the Commissioner's decision only if it is based upon legal error or her factual findings are not supported by substantial evidence. 42 U.S.C. § 405(g). The Supreme Court has defined the term "substantial evidence," in the context of a Social Security case, as "more than a mere scintilla" and as that evidence which "a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).

Plaintiff argues that the ALJ in this case erred because: (1) the ALJ did not properly assess the plaintiff's subjective complaints of pain and limitations as required under 20 C.F.R. § 404.1529(c)(3) and Social Security Ruling 96-7p; and (2) the ALJ improperly failed to give the plaintiff's testimony additional credence in light of her excellent work history. The Court agrees.

In making credibility findings, the ALJ should consider the claimant's work history. <u>See</u> <u>Montes-Ruiz v. Chater</u>, 129 F.3d 114 (Table), at *2 (2d Cir.1997) ("A proper consideration of credibility should have involved considering factors such as evidence of a good work record, which this Court views as entitling a claimant to "substantial credibility." '); <u>see also</u> <u>Rivera v. Schweiker</u>, 717 F.2d 719, 725 (2d Cir.1983) (evidence of a good work record is evidence of credibility). In fact, the Second Circuit has held that an ALJ's failure to take into account a claimant's work record "when making specific findings as to [her] credibility" is "contrary" to the law in this Circuit and the Social Security Administration's rulings. <u>Montes-Ruiz v. Chater</u>, 129

F.3d at *3.

Here, plaintiff worked for the same employer for over 26 years and had a good work record.  The ALJ, however, did not even mention that fact in his decision.  In light of plaintiff's lengthy and good work history, plaintiff's reports of pain and limitations may well be deserving of greater deference than that given by the ALJ.  Hohl v. Chater, No. 95 Civ. 4479(DC), 1997 WL 651472, at *9 (S.D.N.Y. Oct. 20, 1997).  Simply put, this is not a case where the plaintiff is a malingerer.  The Court therefore remands this matter so that the ALJ may make specific findings as to plaintiff's credibility with regard to her alleged pain and limitations, specifically in light of plaintiff's substantial work history.


## CONCLUSION

For the reasons stated, the Commissioner's motion for judgment on the pleadings is denied, the plaintiff's motion for judgment on the pleadings is granted, and the case is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Decision and Order.

SO ORDERED.

s/ *Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 2, 2007

4